IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN S. SPURGEON, | ) |
| | ) CASE NO. |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| FREDERICK J. HANNA & ASSOCIATES, P.C., | ) |
| | ) |
| DEFENDANT, | ) |

COMES NOW, the Plaintiff, by and through her attorney, Pamela A. Car, of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. §1692 et. seq. and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. (hereinafter referred to as the NCPA). In support of her claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims on which the transactions took place happened in this Judicial District.

3. That Plaintiff is a resident of Bellevue, Sarpy County, Nebraska.

4. That Defendant FREDERICK J. HANNA & ASSOCIATES, P.C., is a debt collector and a professional corporation with it office in Georgia and collects debts in this state.

1

## FACTUAL BACKGROUND

5. That Plaintiff and her husband purchased a vehicle for personal, family or household purposes from a local KIA dealer, as part of the transaction, the Plaintiff entered into a consumer Retail Installment Sales Contract.

6. The car was later rendered a total loss by a hail storm and later repossessed.

7. Subsequently, Plaintiff received a Letter from Defendant Frederick J. Hanna & Associates, P.C., dated October 8, 2013, (Attached hereto as <u>Exhibit A</u> and incorporated herein by this reference) the purpose of which was to attempt to collect on the alleged debt on behalf of current creditor SANTANDER CONSUMER, USA.

8. The alleged debt of Plaintiff referenced in <u>Exhibit A</u> was in default when obtained by Defendant.

9. <u>Exhibit A</u> is on HANNA & ASSOCIATES official law firm letterhead and reads in part:

> **This firm is licensed to practice law in Georgia, Florida, Missouri, and South Carolina. Although we are a law firm, no attorney has evaluated your case, nor have we been engaged to file a lawsuit. Further, no attorney with this firm has personally reviewed the particular circumstances of your account. This is an attempt to collect a debt. Any information will be used for that purpose.**

10. The unsigned letter then reads:

> **Sincerely,**
> **Frederick J. Hanna & Associates, P.C.**

11. Defendant's routine practice of sending letters in the form of those sent to Plaintiff which appear on the letterhead of a law firm and state: "There was no attorney involvement in sending this letter" thereby (1) falsely representing or implying that a communication is from an attorney

in violation of 15 U.S.C. §1692e(3); and (2) using any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10). *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 933, 2011 WL 2450964 (3d Cir. 2011).

12. That defendant is also charging fees and interest not allowed.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for her Cause of Action against the Defendants, states and alleges as follows:

13. That the Plaintiff is a natural person and is a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (a)(3).

14. Defendant is a law firm located in Georgia which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692 (a)(6), and its lawyers not licensed to practice law in Nebraska.

15. That at all times relevant hereto the Defendant was attempting to collect an alleged debt alleged to be in default by the Plaintiff for a deficiency on a vehicle used for personal, family or household purposes.

16. That during the course of attempting to collect the alleged debt, Defendant sent a letter (Exhibit A) to the Plaintiff, which appeared on the letterhead of a law firm and states: "There was no attorney involvement in sending this letter" and additionally stating thereby (1) falsely representing or implying that a communication is from an attorney in violation of 15 U.S.C. §1692e(3); and (2) using any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10). *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 933 (3d Cir. 2011).

17. That defendant is also attempting to charge fees and interest not allowed by law in violation of §1692 e(2)(a) and § 1692f(1).

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages actual damages and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## COUNT 2
### Violation of the Nebraska Consumer Protection Act

COMES NOW the Plaintiff and for her Second Cause of Action, states and alleges as follows:

18. Plaintiff restates each and every allegation set forth in her previous Cause of Action as if fully set forth herein.

19. Defendant is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

20. Sending letters in the form of Exhibit A constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

21. That the actions of the Defendant described above, violate the NCPA.

22. That this claim is in the public interest.

WHEREFORE, Plaintiff prays for a judgment against Defendant for her actual damages, statutory attorney fees, statutory damages for each such violation, an injunction to prevent future conduct of the nature described herein, costs, and for further relief as the Court shall deem appropriate.

Dated May 13, 2014

4

Karen Spurgeon, Plaintiff,

By: s/Pamela A. Car
Pamela A. Car #18770
William L. Reinbrecht #20138
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick Street, Suite 105
Omaha, NE 68124
(402) 391-8484 Telephone
(402) 391-1103 Facsimile
E-mail: pacar@cox.net
Attorneys for the Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

By: s/Pamela A. Car

5