IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN S. SPURGEON, On behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>       vs.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C., *et al.*,<br><br>                    Defendants. | 4:14-CV-3098<br><br>MEMORANDUM AND ORDER |

In her operative complaint (filing 8), the plaintiff, Karen S. Spurgeon, alleges that the defendants, Frederick J. Hanna & Associates, P.C.; Frederick J. Hanna; Joseph C. Cooling; and Robert A. Winter, sent her a letter which violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*. Specifically, Spurgeon alleges that defendants falsely represented the communication was from an attorney, used false and deceptive means to collect or attempt to collect a debt, and attempted to charge fees and interest not allowed by law. Filing 8 at ¶¶ 30-31. Spurgeon also asks the Court to certify her suit as a class action under Fed. R. Civ. P. 23. Filing 9. Defendants have moved to dismiss Spurgeon's complaint, asserting that the letter complied with the FDCPA and NCPA. Filing 19. For the reasons set forth below, the Court will grant defendants' motion to dismiss, and will deny Spurgeon's motion to certify as moot.

I. BACKGROUND

Defendant Frederick J. Hanna & Associates, P.C. ("the Firm"), is a professional corporation with its principal office in Georgia. It engages in debt collection in Nebraska. Defendant Frederick J. Hanna is the Firm's president, principle owner, and an attorney at law. Defendants Joseph C. Cooling and Robert A. Winter, also attorneys, are managing partners and minority shareholders of the Firm. Filing 8 at ¶¶ 4–7.

Spurgeon bought a car from a local Kia dealership through an installment sales contract. The car was later damaged by a hail storm,

determined to be a total loss, and was subsequently repossessed. Filing 8 at ¶¶ 8–9. This is apparently the source of the debt allegedly at issue in this case.

Spurgeon alleges that she received a debt collection letter from the Firm dated October 8, 2013. Filing 8 at ¶ 10. The letter, written on the Firm's letterhead, referenced the creditor as Santander Consumer, USA; the account and file numbers; and a balance of $4,607.79. Filing 8-1. The remainder of the letter appears as follows:

> Dear KAREN S SPURGEON:
>
> This communication is in reference to your delinquent account as shown above. Please contact our office to make arrangements to pay the unpaid balance.
>
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification, or the name and address of the original creditor, if different from the current creditor.
>
> This firm is licensed to practice law in Georgia, Florida, Missouri, and South Carolina. Although we are a law firm, no attorney has evaluated your case, nor have we been engaged to file a lawsuit. Further, no attorney with this firm has personally reviewed the particular circumstances of your account. This is an attempt to collect a debt. Any information will be used for that purpose.
>
> Sincerely,
> Frederick J. Hanna & Associates, P.C.
>
> HOURS OF OPERATION ARE: MONDAY-FRIDAY 8AM-9PM EST AND SATURDAY 9AM-1PM EST

Filing 8-1.

Spurgeon claims that this letter violates her rights as a debtor under the FDCPA and NCPA. Specifically, she alleges that defendants "falsely represent[ed] or impl[ied] that a communication was from an attorney . . . and (2) us[ed] [a] false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(3) and e(10). Filing 8 at ¶ 30. Spurgeon further alleges defendants have wrongfully "attempt[ed] to charge fees and interest not allowed by law." Filing 8 at ¶ 31.

In addition to seeking remedies on behalf of herself, Spurgeon seeks the certification of two classes: (1) a class based on the alleged FDCPA violations and (2) a class based on the alleged NCPA violations. However, she has moved the Court to stay briefing on the issue until discovery is completed. Filing 8 at ¶¶17-26.

Defendants have moved to dismiss Spurgeon's complaint under Fed. R. Civ. P. 12(b)(6). Defendants argue that, as a matter of law, the letter is not false, misleading, or deceptive. Defendants further contend that Spurgeon

has not pleaded sufficient facts to support her claim that they have attempted to charge fees and interest not allowed by law.

## II. STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*.

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id*. at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id*. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id*. at 556.

## III. DISCUSSION

The intent of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

In this case, Spurgeon has alleged defendants violated the FDCPA in two distinct ways: (1) by misrepresenting attorney involvement in the collection of the alleged debt and (2) by charging impermissible interest and other fees.

### A. Misrepresentation of Attorney Involvement

The FDCPA provides, in relevant part:

> A debt collector[1] may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . .
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> . . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(3) and (10).

The Eighth Circuit applies the "unsophisticated consumer" test in evaluating whether a debt collector's practices, including the use of debt collection letters, is false, misleading, or deceptive.[2] *See Duffy v. Landberg,*

---

[1] Defendants do not dispute they were acting as a "debt collector" as defined by 15 U.S.C. 1692a(6).

[2] The "unsophisticated consumer" standard is a modification of the "least sophisticated consumer" test adopted by several other courts. *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). The *Gammon* Court explained the "unsophisticated consumer test as follows:

> In maintaining the principles behind the enactment of the FDCPA, we believe a simpler and less confusing formulation of a standard designed to protect those consumers of below-average sophistication or intelligence should be adopted. Thus, we will use the term, "unsophisticated," instead of the phrase, "least sophisticated," to describe the hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading. We reiterate that an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element

4

215 F.3d 871, 873 (8th Cir. 2000). The test is "designed to protect consumers of below average sophistication or intelligence," but it also contains an "'objective element of reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon*, 27 F.3d at 1257). This Court may determine whether a collection letter is false, misleading, or deceptive under the FDCPA as a matter of law. *See Peters*, 277 F.3d at 1056; *see also McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913-14 (8th Cir. 2014).

Spurgeon asserts that defendants' debt collection letter was deceptive and misleading because it misrepresented the involvement of an attorney in the debt collection process, a violation of 15 U.S.C. § 1692e(3) and (10). Defendants counter that Spurgeon's claim must fail as a matter of law because the letter contains a clear and unambiguous disclaimer that explained that no attorney had evaluated the case or reviewed the "particular circumstances" of Spurgeon's account, and that although Hanna & Associates is a law firm, it had not been engaged to file a lawsuit. Thus, defendants argue, even an unsophisticated debtor could not have been misled. The Court finds defendants' argument persuasive.

"There are sound policy reasons for the FDCPA's prohibition on a debt collector sending a collection letter that is seemingly from an attorney." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) "A letter from a lawyer implies that the lawyer has become involved in the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers." *Id.* However, there is no express prohibition against a lawyer fulfilling a role as a debt-collector. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364–65 (2d Cir. 2005). But the lawyer/debt-collector must make his or her role clear to the consumer in order to dispel the likely implication of the threat of litigation that comes with a letter from an attorney on firm letterhead. *See id.* If a debt-collection letter contains a "clear disclaimer explaining the limited extent of [the attorney's] involvement in the collection," the letter will pass muster under the FDCPA. *Id.*

Letters that courts have found acceptable have contained, either in the body of the letter or otherwise prominently displayed on the same page as the body of the letter, disclaimers informing the consumer that no attorney has reviewed the consumer's file and that the attorney or firm has not been

---

in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters.

*Id.*

5

presently retained to file suit. *See, e.g.*, *Greco*, 412 F.3d at 365; *Jones v. Law Office of David Sean Dufek*, --- F. Supp. 3d ---, 2015 WL 73072 at *2-3 (D.D.C. Jan. 6, 2015); *Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F. Supp. 2d 279, 283 (D. Del. 2012); *Eddis v. Midland Funding, LLC,* case no. 11-cv-3923, 2012 WL 664812 at *8-9 (D.N.J. Feb. 28, 2012); *Peak v. Southern & Allen*, case no. 4:09-cv-753, 2010 WL 1729958 at *4 (E.D. Ark. April 27, 2010). When an attorney/debt collector and his or her law firm are transparent about what role they are playing in the collection of a debt and do not confuse the message with contradicting or ambiguous statements, their collection letters will not be deemed misleading or fraudulent for the purposes of the FDCPA merely because those letters appear on attorney letterhead and are from an attorney acting as a debt collector and not legal counsel. *See Greco*, 412 F.3d at 364-65.

Conversely, attorneys wearing their debt-collector hats run afoul of the FDCPA when their collection letters either create ambiguity or do not dispel the inherent ambiguity in debt collection letters appearing on attorney letterhead. This may occur when a disclaimer is placed on the back of the letter; when the letter contained inconsistent messages which fostered, rather than quelled, ambiguity in the sender's role; or when the letter omitted information about the true nature of the attorney's or law firm's role in the collection process. *See, e.g.*, *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 1003 (3d Cir. 2011); *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438-41 (6th Cir. 2008); *Robertson v. Richard J. Boudreau & Assocs.,* case no. 09-cv-1681, 2009 WL 5108479, at *2 (N.D. Cal. Dec. 18, 2009).

Although the letter in this case appears on the Firm's letterhead and the Firm's name appears in the signature block, defendants took sufficient steps to explain the Firm's role as a debt collector and to disclaim any misapprehension of attorney involvement. Defendants' letter clearly and unambiguously sets forth the Firm's role in attempting to collect a debt from Spurgeon. The letter expressly states that no attorney has reviewed Spurgeon's file and, while acknowledging that it is a law Firm, that no attorney has "reviewed the particular circumstances of [Spurgeon's] account," and that the Firm had not been engaged to file a law suit. Filing 8-1. The final paragraph of the letter states that the Firm is only licensed to practice law in Georgia, Florida, Missouri, and South Carolina.[3] Thus, albeit by

---

[3] The individual members of a law firm, and not the Firm itself, may be licensed to practice law. Presumably, the statement is the Firm's way of informing the consumers of the states in which it has at least one member licensed to practice.

omission, the Firm informed Spurgeon that its attorneys cannot practice law in Nebraska. Lastly, the letter plainly articulates that all information is being used only for the purpose of collecting a debt. Filing 8-1.

Spurgeon has not pointed to any portion of the letter which overshadows or contradicts the disclaimer. Defendants' letter did not contain misleading representations or mixed messages regarding the level of attorney involvement. Nor did it threaten legal action of any kind. Thus, even if Spurgeon was initially concerned about the threat of litigation due to letter's origin, the disclaimer was sufficiently clear and conspicuous to provide notice to even an unsophisticated consumer of the actual level of attorney involvement in the collection process. Spurgeon's first FDCPA claim fails as a matter of law. Her NCPA claim fails for the same reasons. *See Birge v. Smeall*, case no. 8:13cv136, 2013 WL 6631653 (D. Neb. Dec. 17, 2013).

### B. Improper Interest and Fees

Defendants next seek dismissal of Spurgeon's claim that defendants attempted to charge "fees and interest not allowed by law in violation of § 1692e(2)(A) and § 1692f(1)." Defendants argue that Spurgeon's claim cannot survive scrutiny under Fed. R. Civ. P. 12(b)(6) because she has stated no facts in her complaint to support this cause of action. Again, the Court finds defendants' argument persuasive.

Section 1692f(1) states debt collectors may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." And § 1692e(2)(A) forbids debt collectors from falsely representing "the character, amount, or legal status of any debt." Spurgeon does not allege what law Defendants allegedly violated by allegedly attempting to charge unspecified interest and fees. In fact, Spurgeon's complaint is devoid of any facts to support this claim. When provided the opportunity to explain through briefing, Spurgeon merely stated that "Defendants know exactly what interest and fees are being collected from their own records regarding the alleged debt." Filing 22 at 19. This falls short of the low threshold of notice pleading. Spurgeon has provided mere legal conclusions without even the faintest attempt to identify the interest or fees at issue or the laws that were allegedly violated. As such, Spurgeon's second claim for relief (under both the FDCPA and NCPA) will also be dismissed. That disposes of Spurgeon's entire complaint. And with the dismissal of Spurgeon's underlying action, her pending motion for class certification (filing 9) will be denied as moot.

THEREFORE, IT IS ORDERED:

1. Defendants' motion to dismiss, (filing 19) is granted;

2. Spurgeon's motion to certify (filing 9) is denied as moot;

3. This case is dismissed with prejudice; and

4. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge